UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

STEPHANIE DORCEANT and
NANDI ALLMAN,

                              Plaintiffs,

            -against-

THE CITY OF NEW YORK, a municipal corporation;
POLICE OFFICER SALVATOR AQUINO
(Shield Number 2958),  in  his  individual and official
capacities; POLICE OFFICER KENNETH KILLARY, in
his individual and official capacities; POLICE OFFICER
FREDDY CANTILLO (Shield Number 8162), in his
individual and official capacities; POLICE OFFICER JOHN
TRIANO (Shield Number 31798), in his individual and
official capacities;

                               Defendants.
------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

     Plaintiffs, Stephanie Dorceant and Nandi Allman, by their attorneys, Moore Zeman Womble, LLP, allege for their complaint against the defendants as follows:

## PRELIMINARY STATEMENT

1.    Plaintiffs, Stephanie Dorceant and Nandi Allman, bring this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and by the Fourth Amendment, Fifth Amendment, Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution, and for rights secured under the laws and Constitution of the State of New York. Plaintiff Dorceant also sues in traditional tort pursuant to pendant state claims. Plaintiffs were deprived of their constitutional and common law rights when the individual defendants utilized excessive force, committed unwarranted and malicious assaults and batteries on plaintiffs, unlawfully confined

plaintiffs, and caused the unjustifiable arrests and prosecution of plaintiffs. Plaintiffs seek damages, compensatory and punitive, affirmative and equitable relief, and award of costs and attorney's fees and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343, 1343(a)(3) and (4), and 1367(a) this being an action seeking redress for the violations of the Plaintiffs' constitutional and civil rights. The amount of damages in controversy is in excess of fifty thousand dollars ($50,000.00), exclusive of interests and costs.

4.      Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional or common law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same controversy.

## VENUE

5.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b)(2), in that this is the District in which the events or omissions underlying the claims arose.

## JURY DEMAND

6.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7.      The Plaintiffs are African-American females and were at all relevant times citizens

of the City and State of New York.

8.      Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

10.     At all times hereinafter mentioned, the individually named defendant, Police Officer Salvator Aquino, Police Officer Kenneth Killary, Police Officer Freddy Cantillo, Police Officer John Triano were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

14.     On July 11, 2015, at approximately 2:05 a.m., plaintiffs were on a public sidewalk in the vicinity of Brooklyn Avenue and Avenue J, Brooklyn, New York returning to their residence.

15. All of a sudden, Police Officer Salvator Aquino, not in his police uniform, bumped into Ms. Stephanie Dorceant from behind.

16. When Ms. Dorceant asked Police Officer Aquino whether he was "alright" he responded in sum and substance "mind your own business you fucking dyke."

17. Ms. Dorceant asked Police Officer Aquino not to speak to her in that disrespectful and offensive manner.

18. Police Officer Aquino then attacked Ms. Dorceant; he repeatedly punched her in the face, ripped her shirt and choked her. Ms. Dorceant suffered bruising and swelling to her face and neck, burst blood vessels in her eyes, abrasions and contusions to her arms and legs and pain to her body, requiring medical attention.

19. Ms. Nandi Allman, witness to the entire interaction, tried to stop Police Officer Aquino from beating Plaintiff Dorceant, but since Defendant Officer Aquino is twice her size, she was unable to prevent or stop the attack.

20. Police Officer Aquino continued his assault on Ms. Dorceant as she grew increasingly fearful for her life.

21. Defendant Police Officer Kenneth Killary, Police Officer Freddy Cantillo, and Police Officer John Triano from the 63rd Precinct approached on foot to the location of the attack.

22. Despite the disparity in size and clear injuries to Plaintiff Dorceant, the Defendant Police Officer Kenneth Killary, Police Officer Freddy Cantillo, and Police Officer John Triano further victimized plaintiffs by forcefully grabbing plaintiffs, forcing them both to the ground, and cuffing them, while pressing knees into plaintiffs' backs causing injury.

23. One of Defendant police officers then took out handcuffs, grabbed Plaintiff Allman and placed the handcuffs on her wrists.

24.     Another of Defendant police officers then took out handcuffs, grabbed Plaintiff Dorceant and placed the handcuffs on her wrists.

25.     As a result of Defendant police officers' actions, Plaintiff Dorceant suffered serious physical pain, discomfort and physical injury.  Although Plaintiffs Dorceant and Allman notified defendant police officers that they were in severe pain, Defendant police officers refused to obtain any medical care or assistance for Plaintiff Dorceant or Allman.

26.     Plaintiffs Dorceant and Allman were then transported to the 63rd precinct located at 1844 Brooklyn Avenue, Brooklyn, New York.

27.     After a period of time, Ms. Allman's hands were uncuffed and she was released from the 63rd Precinct with no criminal charges filed against her.

28.     Ms. Dorceant, having had her shirt ripped off and still in serious pain, was then brought to the 63rd Precinct where she was charged with Penal Law Section 120.05(3), Assault in the Second Degree; Penal Law Section 110/120.05(1), Attempted Assault in the Second Degree; Penal Law Section 120.00(1), Assault in the Third Degree; Penal Law Section 205.30, Resisting Arrest; Penal Law Section 120.15, Menacing in the Third Degree; and Penal Law Section 240.26(1), Harassment in the Second Degree.

29.     Ms. Dorceant, still in serious pain, was brought to Kings County Hospital for evaluation and treatment.

30.     After being treated, Ms. Dorceant was transferred to Central Bookings in the Criminal Courthouse in Downtown Brooklyn which were filthy and infested with pests. The toilets were covered in feces, urine and other types of human discharge and there were no beds or cots for plaintiff and other detainees to sleep on.

31.     At the arraignment, where Ms. Doceant was falsely accused of having provoked

the attack, bail was set and she was then transferred to Riker's Island.

32.     Upon bail being posted, Ms. Dorceant went to Methodist Hospital in Brooklyn where her injuries were further treated.

33.     On November 20, 2015, Ms. Dorceant testified on her own behalf and was subjected to cross examination in front of a Grand Jury regarding the felony and misdemeanor charges against her.

34.     On November 24th, that same Grand Jury dismissed all criminal charges against Ms. Dorceant.

35.     As a result, Plaintiff Dorceant's criminal case was dismissed and sealed.

36.     Within ninety days after the claims alleged in this Complaint arose, a written notice of claim was served upon defendants at the New York City Law Department.

37.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

38.     Ms. Dorceant and Ms. Allman suffered severe damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, damage to their reputations, and deprivation of their constitutional rights.

## FEDERAL CLAIMS

### FIRST CAUSE OF ACTION
*42 U.S.C. §§1981 and 1983 – Deprivation of Rights*
(Against the Individual Officer Defendants)

39.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     All of the aforementioned acts of defendants, their agents, servants and employees

were carried out under the color of state law.

41.    All of the aforementioned acts deprived plaintiffs STEPHANIE DORCEANT and NANDI ALLMAN, members of a racial minority and members of a protected gender class, of the rights, privileges and immunities guaranteed to the citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§1981 and 1983.

42.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race, gender or sexual orientation.

43.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

44.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

45.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and detained plaintiffs without reasonable suspicion.

46.    As a result, plaintiffs STEPHANIE DORCEANT and NANDI ALLMAN sustained the damages alleged herein.

### SECOND CAUSE OF ACTION
*42 U.S.C. § 1983 - Fourth and Fourteenth Amendment Violations for Unlawful Stop*
(Against the Individual Officer Defendants)

47.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

48.     Defendants violated the Fourth and Fourteenth Amendment because they stopped plaintiffs without reasonable suspicion.  Plaintiff Dorceant was unlawfully attacked, punched, tackled, choked, stopped, and assaulted without probable cause or reasonable suspicion.

49.     As a result, Plaintiff Dorceant sustained the damages alleged herein.

50.     Plaintiff Allman was handcuffed without probable cause or reasonable suspicion.

51.     By virtue of the foregoing, the Defendant police officers deprived Plaintiffs Dorceant and Allman of their Fourth Amendment rights under the United States Constitution to be free from unlawful stop and are liable to plaintiffs under 42 U.S.C. §1983.

### THIRD CAUSE OF ACTION
*42 U.S.C. § 1983 - Fourth and Fourteenth Amendment Violations for False Arrest*
(Against the Individual Officer Defendants)

52.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

53.     As a result of Defendant police officers' aforementioned conduct, Plaintiffs Dorceant and Allman were subjected to an illegal, improper, and false arrest by the defendants. Plaintiff Dorceant was taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.  Plaintiff Allman was taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated. In the above-mentioned actions, Defendant police officers acted intentionally, willfully, with malice, and without probable cause, privilege or consent.

54.     Plaintiffs Dorceant and Allman were conscious of their confinement.

55.     By virtue of the foregoing, the Defendant police officers deprived Plaintiffs

Dorceant and Allman of their Fourth Amendment rights under the United States Constitution to be free from false arrest and are liable to plaintiff under 42 U.S.C. §1983.

## FOURTH CAUSE OF ACTION
*42 U.S.C. § 1983 - Fourth Amendment Violation for Excessive Force*
(Against the Individual Officer Defendants)

56.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

57.    While in the course of their duties and while acting under color of law, Defendant police officers affected a seizure and arrest of Plaintiffs Dorceant and Allman by intentionally using excessive physical force against plaintiffs, including but not limited to striking Plaintiff Dorceant repeatedly about her head and body with fists, choking Plaintiff Dorceant, ripping her clothes and slamming Plaintiff Dorceant into the ground and piling on top of her.

58.    The physical force the Defendant police officers used on Plaintiff Dorceant was objectively unreasonable and wholly unnecessary.

59.    The Defendant police officers use of excessive physical force caused injuries, including but not limited to, severe pain to the plaintiff's head and body, bruising to her face and body, cuts and abrasion to numerous areas of her body, burst blood vessels in her eyes and fear for her life.

60.    By virtue of the foregoing, the Defendant police officers deprived Plaintiffs Dorceant and Allman of their Fourth Amendment rights under the United States Constitution to be free from excessive force and are liable to plaintiff under 42 U.S.C. §1983.

## FIFTH CAUSE OF ACTION
*42 U.S.C. § 1983- Fourth Amendment Violations for Failure to Intervene*
(Against the Individual Officer Defendants)

61.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

62.     Defendant police officers who did not participate in Plaintiffs Dorceant and Allman's arrests, but observed the unlawful actions alleged herein, had an opportunity to prevent such conduct, and failed to intervene.

63.     By virtue of the foregoing, the Defendant police officers deprived Plaintiffs Dorceant and Allman of their Fourth Amendment rights under the United States Constitution to be free from unreasonable seizure and excessive force are liable to plaintiff under 42 U.S.C. §1983.

## SIXTH CAUSE OF ACTION
*42 U.S.C. § 1983- Fifth Amendment Violation of Due Process*
(Against Defendant City)

64.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

65.     While in the course of their duties and while acting under color of law, Defendant Officers violated Plaintiff Dorceant and Allman's guaranteed right of due process under the Fifth Amendment of the United States Constitution when they falsely arrested, detained and searched Plaintiffs Dorceant and Allman as described herein.

66.     During all times relevant to this action, the New York City Police Department developed and maintained customs and practices exhibiting deliberate indifference to the constitutional rights of people in the City of New York. These customs and practices caused the violation of Plaintiff Dorceant and Allman's due process rights.

67.     As a direct and proximate result of this unlawful conduct, Plaintiffs Dorceant and Allman sustained the damages herein alleged.

## SEVENTH CAUSE OF ACTION
Municipal Liability
(Against Defendant City under 42 U.S.C. §1983)

68.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

69.     The widely held assumption is that civil rights lawsuits deter police misconduct. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161, (1992) citing Carey v. Piphus, 435 U.S. 247, 254-257, (1978). "As far as we know, civil liability is an effective deterrent [to civil rights violations], as we have assumed it is in other contexts." See Hudson v. Michigan  547 U.S. 586, 598 (2006) citing Correctional Services Corp. v. Malesko, 534 U.S. 61, 70 (2001) and Nix v. Williams, 467 U.S. 431, 446, (1984). "It is almost axiomatic that the threat of damages has a deterrent effect (citation omitted) surely particularly so when the individual official faces personal financial liability." Carlson v. Green, 446 U.S. 14, 21, (1980), citing Imbler v. Pachtman, 424 U.S. 409, 442, and footnote 6 (1976).

70.     However, the City of New York has insulated NYPD officers like Police Officer Salvator Aquino, Police Officer Kenneth Killary, Police Officer Freddy Cantillo, and Police Officer John Triano from accountability for civil rights lawsuits by indemnifying officers who violate the constitutional rights of citizens, and, as a result, is preventing civil rights lawsuits from having any deterrent value to the City, the NYPD or its officers.  Civil rights lawsuits against police officers have no impact on the officers' careers, regardless of the expense to the City of the officers' lawsuit liability, even after multiple lawsuits.

71.     Nevertheless, the City has repeatedly resisted attempts to catalog even basic information gleaned from civil rights lawsuits that could improve training, leadership, supervision, and discipline in the NYPD.  The City's deliberate indifference towards the contents of civil rights

litigation, individual officers repeatedly named in lawsuits, incidents repeatedly occurring in the same division, and patterns of misconduct that arise in civil rights litigation has caused the constitutional violations of excessive force and false arrest suffered by plaintiffs.

72.     Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct or to calculate the total liability of an individual officer or of a precinct.  Without this notification, improper search and seizure practices and incredible testimony go uncorrected, problematic supervision or leadership at the precinct level goes ignored, and repeated misconduct by individual officers goes unaccounted for.  Even occasional judicial findings that officers have testified incredibly are not reported routinely to the police department or any oversight agencies.

73.     All of the aforementioned has created a climate where police officers and detectives lie to prosecutors and in police paperwork and charging instruments, and testify falsely, with no fear of reprisal.  "Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration-through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department-there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged." See Colon v. City of New York, et al, 2009 WL 4263362 (E.D.N.Y.) (Weinstein, J.).

74.     In Floyd v. City of New York, 08-cv-01034-SAS-HBP, Judge Scheindlin found that the City acted with "deliberate indifference toward the NYPD's practice of making

unconstitutional stops and conducting unconstitutional frisks" and adopted "a policy of indirect racial profiling by targeting racially defined groups for stops based on local crime suspect data." (Opinion and Order, dated August 12, 2013, P.13).

75.   The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights.  Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiffs' civil rights, without fear of reprisal.

76.   Plaintiffs have been damaged as a result of the deliberate indifference of the Defendant City and deprived of federal protected rights, including, but not limited to, the right:

    a.   Not to be deprived of liberty without due process of law;

    b.   To be free from false arrest;

    c.   To be free from excessive force;

    d.   To be free from malicious abuse of process;

    e.   To be free from retaliation for the exercise of free expression;

    f.   To be free from failure to intervene.

77.   The foregoing acts and conduct of defendants were a direct and proximate cause of injury and damage to plaintiffs and violated the common law rights guaranteed to them by the Constitution of the United States of America.

**EIGHTH CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. §1983)

78.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

79.   By their conduct, as described herein, and acting under color of state law,

defendants are liable to plaintiff STEPHANIE DORCEANT under 42 U.S.C. §1983 for the violation of her constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

80.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of her constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

81.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

**NINTH CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. §1983)

82.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

83.     Defendants arrested both Plaintiff Dorceant and Allman and chose to process and prosecute Ms. Dorceant in Brooklyn Criminal Court for the collateral objective of covering up their acts of brutality and abuse of authority during the arrests of the Plaintiffs.

84.     Defendants thereby caused Plaintiffs Dorceant and Allman to be deprived of their right to be free from malicious abuse of process.

**Supplemental State Law Claims**

85.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Within ninety (90) days after the claim herein accrued, plaintiff DORCEANT duly

served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

87.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

88.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

89.     Plaintiffs have complied with all conditions precedent to maintaining the instant action.

90.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## TENTH CAUSE OF ACTION
### Respondeat Superior
### (Against the City of New York)

91.     Plaintiffs repeat, reiterate, and reallege paragraphs "1" through "90" as if fully set forth herein.

92.     The Individual Defendant police officers were employees of the City of New York at the time of the incidents alleged herein and each was acting at all relevant times within the scope of his or her employment with the City.

93.     The City is therefore vicariously liable for the tortious acts as described and alleged herein of the Individual Defendant police officers under the common law doctrine of respondeat superior.

94.     As a result of the foregoing, Plaintiffs Stephanie Dorceant and Nandi Allman are entitled to compensatory damages in an amount to be determined by a jury and are further entitled to punitive damages against the individual defendants in an amount to be determined by a jury.

## ELEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

95.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.     As a result of the foregoing, plaintiff STEPHANIE DORCEANT was placed in apprehension of imminent harmful and offensive bodily harm.

97.     As a result of defendants' conduct, plaintiff STEPHANIE DORCEANT has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## TWELFTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

98.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.     Defendants made offensive contact with plaintiff STEPHANIE DORCEANT without privilege or consent.

100.     As a result of defendants' conduct, plaintiff STEPHANIE DORCEANT has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## THIRTEENTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

101.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.     Having taken custody of plaintiff DORCEANT, who was helpless to adequately

aid or protect herself, defendants assumed a duty to assure her well-being during custody.

Defendants breached that duty.

103.    The aforementioned conduct was committed by defendants while acting within

the scope of their employment by defendant CITY OF NEW YORK.

104.    The aforementioned conduct was committed by the defendants while acting in

furtherance of their employment by defendant CITY OF NEW YORK.

105.    As a result of the aforementioned conduct, plaintiff DORCEANT was injured.

**FOURTEENTH CAUSE OF ACTION**
(False Arrest/False Imprisonment under the laws of the State of New York)

106.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "105" with the same force and effect as if fully set forth

herein.

107.    Defendants arrested and/or imprisoned plaintiffs STEPHANIE DORCEANT and

NANDI ALLMAN without probable cause, privilege or any other justification.

108.    Plaintiffs were detained or otherwise imprisoned due to the defendants' unlawful

conduct, and both plaintiffs STEPHANIE DORCEANT and NANDI ALLMAN were subjected

to physical restraints.

109.    As a result of the aforementioned conduct, plaintiffs STEPHANIE DORCEANT

and NANDI ALLMAN were unlawfully imprisoned in violation of the laws of the State of New

York.

110.    As a result of the aforementioned conduct, plaintiffs STEPHANIE DORCEANT

and NANDI ALLMAN were injured.

**FIFTEENTH CAUSE OF ACTION**
(Malicious Abuse of Process under the laws of the State of New York)

111.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.    Plaintiff STEPHANIE DORCEANT was arrested and prosecuted in Brooklyn Criminal Court for the collateral objective of covering up the defendants' acts of brutality and abuse of authority.

113.    As a result of the foregoing, plaintiff STEPHANIE DORCEANT is entitled to compensatory damages in an amount fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursement of this action.

<u>**SIXTEENTH CAUSE OF ACTION**</u>
(Malicious Prosecution under the laws of the State of New York)

114.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.    By their conduct, as described herein, defendants are liable to plaintiff STEPHANIE DORCEANT for having committed malicious prosecution under the laws of the State of New York.

116.    Defendants maliciously commenced a criminal proceeding against plaintiff STEPHANIE DORCEANT, charging her with Assault in the Second Degree, Attempted Assault in the Second Degree, Assault in the Third Degree, Resisting Arrest, Menacing in the Third Degree, and Harassment in the Second Degree. Defendants falsely and without probable cause charged plaintiff STEPHANIE DORCEANT with violations of the laws of the State of

New York.

117.   The commencement and continuation of the criminal proceedings against plaintiff STEPHANIE DORCEANT was malicious and without probable cause.

118.   All charges against plaintiff STEPHANIE DORCEANT were dismissed.

119.   Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff STEPHANIE DORCEANT. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

120.   As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff STEPHANIE DORCEANT sustained the damages alleged herein.

## SEVENTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

121.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122.   Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in screening, hiring and retention of the aforesaid defendants who conducted and participated in the wrongful conduct described herein.

123.   Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

## EIGHTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

124.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125.    Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in training and supervision of the aforesaid defendants who conducted and participated in the wrongful conduct described herein.

**NINETEENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

126.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "125" with the same force and effect as if fully set forth herein.

127.    Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

**TWENTIETH CAUSE OF ACTION**
(Bias-Based Profiling under the laws of the City of New York)

128.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "127" with the same force and effect as if fully set forth herein.

129.    In initiating law enforcement action against Ms. Dorceant and Ms. Allman based on their actual and/or perceived sexual orientation, gender, race and color, rather than Ms. Dorceant and Ms. Allman's behavior or other information linking them to suspected unlawful activity the defendant officers engaged in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the Administrative Code of the City of New York.

130.    Accordingly, plaintiffs are entitled to injunctive and declaratory relief, along with reasonable attorney's fees and costs.

131.    As a result of the foregoing, plaintiffs STEPHANIE DORCEANT and NANDI ALLMAN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE,** plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

a.  Full and fair compensatory damages in an amount to be determined by a jury;

b.  Punitive damages in an amount to be determined by a jury;

c.  Costs, interest and attorney's fees, pursuant to 42 U.S.C. §1988; and

d.  Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

Dated:  New York, New York
       July 22, 2015                By:    Benjamin Zeman

Benjamin Zeman
Attorney for Plaintiffs
Moore Zeman Womble, LLP
66 Willoughby St.
Brooklyn, New York 11201
(T) (718) 514-9100
(F) (917) 210-3700
zeman@brooklynattorney.nyc