UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
:
STEPHANIE DORCEANT and NANDI ALLMAN, : 15-CV-7103 (ARR)(LB)
:
        Plaintiffs, : <u>NOT FOR ELECTRONIC</u>
: <u>OR PRINT PUBLICATION</u>
  -against- :
: <u>OPINION & ORDER</u>
POLICE OFFICER SALVATORE AQUINO (Shield :
Number 2958), in his individual and official capacities; :
POLICE OFFICER FREDDY CANTILLO (Shield Number :
8162), in his individual and official capacities; and POLICE :
OFFICER JOHN TRIANO (Shield Number 31798), in his :
individual and official capacities, :
:
        Defendants. :
:
----------------------------------------------------------------------- X

ROSS, United States District Judge:

       Plaintiffs bring a civil rights case under federal and New York law against defendant police officers stemming from their interactions with the police on July 11, 2015. On June 30, 2017, plaintiffs agreed to dismiss certain defendants and causes of action. <u>See</u> Stip. & Order of Withdrawal & Voluntary Dismissal of Certain Causes of Action, ECF No. 36. Remaining are federal claims against each defendant named in the above caption for (1) false arrest, (2) excessive force, (3) failure to intervene with respect to the false arrest, and (4) malicious prosecution; claims under New York state law against each defendant for (5) assault, (6) battery, (7) negligent infliction of emotional distress, (8) false arrest, and (9) malicious prosecution; and a claim under New York City law against each defendant for (10) bias-based profiling. <u>See</u> Am. Compl., ECF No. 11. Defendants now move for summary judgment with respect to all defendants for false arrest, failure to intervene, malicious prosecution, and all state and local

claims; and with respect to defendants Triano and Cantillo for excessive force.[1]

The motion is granted in part and denied in part. Specifically, because disputed facts bear on whether defendants had probable cause to arrest plaintiffs, the motion is denied with respect to the state and federal false arrest claims, and with respect to the bias-based profiling claim. Because the undisputed facts show that defendants did not initiate the prosecution against Dorceant, the motion is granted with respect to the state and federal malicious prosecution claims as to all defendants. Summary judgment is also granted with respect to the federal excessive force claim and state assault and battery claims with respect to Cantillo and Triano because the alleged force used to arrest Dorceant was reasonable. Finally, because plaintiff alleges only intentional actions, summary judgment is granted with respect to the negligence claim.

## BACKGROUND

The following facts are undisputed unless otherwise noted.[2] Early in the morning of July 11, 2015, plaintiffs rode in a cab toward their home. Defs.' 56.1 ¶ 1; Pls.' 56.1 ¶ 1. Plaintiffs asked the cab driver to drop them off near a police station about one block from their home. Defs.' 56.1 ¶ 2; Pls.' 56.1 ¶ 2.

The parties dispute what happened next. According to plaintiffs, they had exited the "cab and were 'in the process of paying' when . . . [Officer] Aquino interrupted this effort." Pls.' 56.1 ¶ 5. Plaintiff Dorceant testified at her deposition that after she exited the car, Aqunio brushed into her. Dorceant Dep. 88:3-7, Decl. Benjamin Zeman Supp. Pls.' Opp'n Summ. J. ("Zeman

---

[1] See Defs.' Mem. Law Supp. Their Mot. Partial Summ. J. ("Defs.' Mot."), ECF No. 43; Decl. & Mem. Law Opp'n Defs.' Mot. Summ. J. ("Pls.' Opp'n"), ECF No. 47; Defs.' Reply Mem. Law Further Support Their Partial Mot. Summ. J. ("Defs.' Reply"), ECF No. 44.

[2] See Defs.' Stmt. Undisputed Facts Pursuant Local Civil R. 56.1 ("Defs.' 56.1"), ECF No. 41; Pls.['] Stmt. Undisputed Facts Pursuant Local Civil R. 56.1 ("Pls.' 56.1"), ECF No. 45.

2

Decl.") Ex. 1, ECF No. 46-1. According to Dorceant, when she asked him, "[a]re you okay or something like that[,] . . . he turned around and yelled at me . . . to mind my own fucking business, you dyke, or something along [those] lines." Id. 89:2-10; see also id. 90:2-6. Plaintiff Allman also testified that Aquino called Dorceant a "dike." Allman Dep. 55:13-25, Zeman Decl. Ex. 2, ECF No. 46-2. According to Dorceant, she replied "something alon[g] the lines of what's your problem, watch your mouth, something like that." Dorceant Dep. 91:3-8, Zeman Decl. Ex. 1, ECF No. 46-1. At that point, according to plaintiffs, Aquino "pushed [her], and he grabbed [her] by [her] hair, and that's when he started to attack [Dorceant]." Id. 91:9-10.

Defendants admit that Officer Aquino "brushed by" Dorceant, the two "exchanged words[,] and an altercation ensued." Defs.' 56.1 ¶¶ 6-7. However, defendants note that the cab driver, who remained on the scene, observed Dorceant attack Aquino "for no reason." Id. ¶ 15.

The parties agree that, during the fight, Dorceant bit Aquino's right and left forearms, as well as his chest. Defs.' 56.1 ¶ 8; Dorceant Dep. 105:1-106:2, Decl. Joseph Gutmann Supp. Defs.' Partial Summ. J. Mot. ("Gutmann Decl.") Ex. A, ECF No. 42-1. At some point during the fight, Aquino asked the cab driver to call the police. Defs.' 56.1 ¶ 9; Pls.' 56.1 ¶ 9.[3] Additional officers arrived at the scene. Defs.' 56.1 ¶ 10; Pls.' 56.1 ¶ 10. In the course of restraining and arresting Dorceant, these officers slammed her to the ground, held her legs, and placed a knee on her back. Defs.' 56.1 ¶¶ 10-11; Pls.' 56.1 ¶¶ 10-11.

Both plaintiffs were handcuffed and walked to the 63rd precinct. Defs.' 56.1 ¶ 13; Pls.'

---

[3] In their 56.1 statement, plaintiffs "[d]eny knowledge sufficient to form a belief" regarding whether Aquino asked the cab driver to call the police. Pls.' 56.1 ¶ 9. However, "[a] plaintiff's counterstatements, stating that she 'can neither admit nor deny' defendant's statement, or that she 'does not know that for a fact,' serve as admissions to the corresponding facts in defendant's 56.1 Statement under applicable law." See Litchhult v. Ustrive2, Inc., No. 10-CV-3311 (JFB)(ARL), 2013 WL 3491076, at *2 n.1 (E.D.N.Y. July 10, 2013) (citation omitted) (citing Aztar Corp. v. N.Y. Entm't LLC, 15 F. Supp. 2d 252, 254 n.1 (E.D.N.Y. 1998)).

56.1 ¶ 13. Plaintiff Allman was released after approximately 30 minutes to an hour. Defs.' 56.1 ¶ 16; Pls.' 56.1 ¶ 16. She then returned to the scene of the altercation and paid the cab fare. Allman Dep. 72:20-25, ECF No. 46-2; Aff. of Manjinder Singh ¶ 29, Gutmann Decl. Ex. B, ECF No. 42-2. Plaintiff Dorceant was charged with assault, resisting arrest, menacing, and harassment. Criminal Compl., Zeman Decl. Ex. 13, ECF No. 46-13. A grand jury dismissed all charges against her. Notice of Dismissal, Zeman Decl. Ex. 14, ECF No. 46-14.

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The function of the court is not to resolve disputed issues, but to determine whether a genuine issue exists that must be tried. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citing First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). "While genuineness runs to whether disputed factual issues can 'reasonably be resolved in favor of either party,' materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quoting Anderson, 477 U.S. at 250).

The moving party carries the burden of proving that no genuine dispute exists respecting any material fact, and it "may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223-24 (2d Cir. 1994) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). Once the moving party has met this burden, to avoid the entry of summary judgment, the non-moving party "must come forward with specific facts showing that there is a genuine issue for trial." LaBounty v. Coughlin, 137 F.3d 68, 73 (2d Cir. 1998). "A genuine issue is

presented if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Husser v. N.Y.C. Dep't of Educ., 137 F. Supp. 3d 253, 262 (E.D.N.Y. 2015) (quoting Holtz v. Rockefeller & Co., 258 F.3d 62, 69 (2d Cir. 2001)). In reviewing the record before it, "the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997) (citing, e.g., Anderson, 477 U.S. at 255; Ramseur v. Chase Manhattan Bank, 865 F.2d 460, 465 (2d Cir. 1989)).

## DISCUSSION

### A. False Arrest

To prevail on a claim for false arrest, a plaintiff must show: (1) the defendant intended to confine the plaintiff, (2) the plaintiff was aware of the confinement, (3) the confinement was without the plaintiff's consent, and (4) "the confinement was not otherwise privileged." Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (quoting Broughton v. State, 335 N.E.2d 310, 314 (N.Y. 1975)). Probable cause to arrest "is a complete defense to an action for false arrest." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (quoting Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)). "Probable cause to arrest exists when the officers have reasonably trustworthy information as to facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Ackerson v. City of White Plains, 702 F.3d 15, 19 (2d Cir. 2012) (alterations omitted) (quoting Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir. 2007)). Probable cause is assessed "objectively" based on "the facts known by the arresting officer at the time of the arrest." Jaegly v. Couch, 439 F.3d 149, 153 (2d Cir. 2006) (citing Devenpeck v. Alford, 543 U.S. 146, 153 (2004)).

5

"The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers." Weyant, 101 F.3d at 852. However, "[i]f the issue of probable cause is 'predominately factual in nature,' then it is 'properly presented to the jury.'" Barksdale v. Colavita, 506 F. App'x 82, 84 (2d Cir. 2012) (quoting Moore v. Comesanas, 32 F.3d 670, 673 (2d Cir. 1994)).

Defendants claim to have had (1) probable cause to arrest both plaintiffs for theft of services, a violation of New York State Penal Law § 165.15, and (2) probable cause to arrest Dorceant for assault, a violation of New York State Penal Law § 120.00. Defs.' Mot. at 6-7.

Disputed facts bear on whether defendants had probable cause to arrest plaintiffs for theft of services. Specifically, plaintiffs claim that they were in the process of paying their cab fare when Aquino bumped Dorceant, and the subsequent interaction with the police prevented plaintiffs from paying their fare until after Allman was released from police custody. Pls.' Opp'n at 8. Defendants admit that their interaction with plaintiffs began, not with a complaint from the cab driver regarding nonpayment of fare, but by a chance encounter when Aquino bumped into Dorceant. Defs.' 56.1 ¶¶ 6-7. Viewing the evidence in the light most favorable to plaintiffs, it appears that the officers were not aware that plaintiffs had not paid their fare until after the arrests.[4] Probable cause to arrest cannot be based on information known to officers

---

[4] Defendants argue that plaintiffs may not rely on notes from CCRB interviews to dispute a motion for summary judgment. Defs.' Reply at 1-3. I assume without deciding that they are correct and do not consider the CCRB interviews cited by plaintiff. However, as movants, defendants have the burden of proving that no genuine dispute exists as to any material fact, see Fed. Rule Civ. P. 56(a), and their own evidence conspicuously fails to establish whether the officers spoke to the cab driver at any point before the arrests, see, e.g., Aff. of Manjinder Singh ¶¶ 19-28, Gutmann Decl. Ex. B, ECF No. 42-2. In fact, given that Triano and Cantillo apparently arrived at the scene while Dorceant and Aqunio were engaged in a physical confrontation, see Defs.' Mem. at 15-16, it is implausible that they interviewed a bystander before intervening in the fight to restrain and arrest Dorceant.

only after the arrest, but can be supported only by "facts known by the arresting officer <u>at the time of the arrest</u>." <u>Jaegly</u>, 439 F.3d at 153 (emphasis added).

Disputed facts also bear on whether defendants had probable cause to arrest Dorceant for assault. The parties dispute whether Dorceant or Aquino was the aggressor. If Aquino attacked Dorceant, as plaintiffs claim, then he lacked probable cause to arrest her for assault. See <u>Jocks v. Tavernier</u>, 316 F.3d 128, 136 (2d Cir. 2003) (explaining that because New York law allows a person to use force in self-defense, an officer may lack probable cause to arrest for assault if officer first threatened suspect). Defendants argue that, regardless of who actually started the fight, probable cause to arrest existed because the cab driver told the arresting officers that he had observed Dorceant attack Aquino "for no reason." Defs.' Mot. at 7. Once again, viewing the evidence in the light most favorable to plaintiffs, it appears that these statements were made to the officers after the arrests. In addition, plaintiffs dispute that Dorceant initiated the physical altercation.[5]

---

[5] In an unrelated part of their brief, defendants argue that "[i]t is undisputed that Officers Triano and Cantillo arrived at the scene of an altercation involving plaintiff and another officer in which said officer had sustained visible injuries." Defs.' Mot. at 15-16. These facts suggest that, with respect to the arrest of Dorceant for assault, Officers Triano and Cantillo may be entitled to qualified immunity.

Qualified immunity is a doctrine that shields an officer from liability for constitutional violations "if it was 'objectively reasonable for [the officer] to believe that his actions were lawful at the time of the challenged act.'" <u>Myers v. Patterson</u>, 819 F.3d 625, 632 (2d Cir. 2016) (alteration in original) (quoting <u>Lennon v. Miller</u>, 66 F.3d 416, 420 (2d Cir. 1995)). The record currently before me does not reveal facts relevant to determining if it was objectively reasonable for the later-arriving officers to believe that Dorceant had committed assault. For example, the record does not establish (1) the information provided by the cab driver when he called the police, or (2) what Aquino said, if anything, to Triano and Cantillo when they arrived. It may be undisputed that Triano and Cantillo were told by a reliable source prior to arresting Dorceant that she had assaulted Aquino. If so, the court expects that the parties can agree to dismiss the false arrest claim with respect to Dorceant in advance of any trial on the remaining claims.

Plaintiffs also bring a claim for failure to intervene with respect to the false arrest, but do not specify which defendants arrested them and which failed to intervene. While it is true that a defendant cannot be liable for directly participating and for failing to intervene, see Jackson v. City of New York, 939 F. Supp. 2d 219, 232 (E.D.N.Y. 2013), the undisputed facts do not allow me to determine which officers should be liable as direct participants and which as non-intervenors, see Duncan v. City of New York, No. 11-CV-3901(ENV)(JO), 2016 U.S. Dist. LEXIS 136340, at *47 (E.D.N.Y. Sept. 29, 2016) (recommending denial of summary judgment on failure to intervene claim where "it cannot yet be determined which defendants [directly participated in the underlying arrests] and which did not").

For all of these reasons, summary judgment is denied with respect to plaintiffs' state[6] and federal claims for false arrest and failure to intervene in the false arrest.

**B. Malicious Prosecution**

A plaintiff brining a malicious prosecution claim under New York law must show: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997) (quoting Russell v. Smith, 68 F.3d 33, 36 (2d Cir. 1995)). With respect to the first element, "New York law imposes a presumption that a prosecutor exercises his own independent judgment in deciding to prosecute a criminal defendant." Gilman v. Marsh & McLennan Cos., 868 F. Supp. 2d 118, 128 (S.D.N.Y. 2012) (citing Takacs v. City of New York, No. 09 Civ. 481(LBS), 2011 WL 8771384, at *4 (S.D.N.Y. Jan. 24, 2011)). "To initiate a prosecution, a

---

[6] The basic elements for false arrest are identical under state and federal law. Richardson v. N.Y.C. Health & Hosps. Corp., No. 05 Civ. 6278(RJS), 2009 WL 804096, at *7 (S.D.N.Y. Mar. 25, 2009) (citing Weyant, 101 F.3d at 852).

8

defendant must do more than report the crime or give testimony." Manganiello v. City of New York, 612 F.3d 149, 163 (2d Cir. 2010). Plaintiffs have failed to allege, let alone point to any facts suggesting, that defendants had any participation in the prosecution of Dorceant except reporting the crime and testifying before the grand jury. See Pls.' Opp'n at 13 (failing to respond to defendants' argument that officers did not initiate the proceeding).[7] Therefore, summary judgment is granted with respect to plaintiffs' state[8] and federal malicious prosecution claims.

C. Excessive Force

Claims that an arrestee was subject to excessive force during an arrest are governed by the Fourth Amendment's "objective reasonableness" standard. See Graham v. Connor, 490 U.S. 386, 388 (1989). To determine whether a particular use of force is reasonable, the court must balance "'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." Id. at 396 (quoting Tennessee v. Garner, 471 U.S. 1, 8 (1985)). The Supreme Court has "recognized that the right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Id. Furthermore, the court must evaluate the reasonableness of the force

---

[7] Elsewhere in their brief, plaintiffs argue that defendants "deliberately manufacture[d] false evidence against" plaintiffs, and imply that defendants provided this false evidence to prosecutors. Pls.' Opp'n at 15 (citing Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 130-32 (2d Cir. 1997), overturning summary judgment for defendant on malicious prosecution claim because of disputed fact issue regarding whether officers had fabricated evidence and forwarded it to prosecutor). However, as no Riccitui allegations appear in the complaint, plaintiffs may not advance this new theory of the case at this late date. See Casseus v. Verizon N.Y., Inc., 722 F. Supp. 2d 326, 344 (E.D.N.Y. 2010) ("An opposition to a summary judgment motion is not the place for a plaintiff to raise new claims." (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Proceedure § 1183 n.9).

[8] "To prevail on a § 1983 malicious prosecution claim, a plaintiff must establish the elements of malicious prosecution under state law . . . ." Richardson, 2009 WL 804096, at *14 (quoting Douglas v. City of New York, No. 06 Civ. 6134(DC), 2009 WL 260769, at *6 (S.D.N.Y. Feb. 5, 2009)).

used "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id.

Defendants do not seek summary judgment with respect to excessive force allegations against Aquino; rather, their motion is limited to excessive force allegations brought against defendants Triano and Cantillo. See Defs.' Mot. at 13. Defendants argue that the force allegedly used by these defendants in restraining and arresting Dorceant – slamming her to the ground and holding her down with knees in her back and neck – does not rise to the level of a constitutional violation. Id. at 13-15. Plaintiffs argue that these actions constituted excessive force because of the injuries already sustained by Dorceant in her altercation with Aquino. Pls.' Opp'n at 14.

The Fourth Amendment does not require that a plaintiff suffer a severe injury in order to prevail on an excessive force claim. Breitkopf v. Gentile, 41 F. Supp. 3d 220, 242 (E.D.N.Y. 2014) (collecting cases). The critical question is not the amount of force or the extent of injury, but whether the force was reasonable in the circumstances. See Lemmo v. McKoy, No. 08-CV 4264 (RJD), 2011 WL 843974, at *6 (E.D.N.Y. Mar. 8, 2011) ("[C]ourts have allowed plaintiffs to recover, even though the injury caused was not permanent or severe, where the force used was excessive." (citing Robison v. Via, 821 F.2d 913, 924 (2d Cir. 1987)).

In this case, Officers Cantillo and Triano arrived at the scene to find a physical fight between Dorceant and Officer Aquino. The force used was not "gratuitous," cf. Lemmo, 2011 WL 843974, at *7, but was no more than necessary to subdue and arrest an individual engaged in a physical confrontation. See Liberman v. City of Rochester, 558 F. App'x 38, 39 (2d Cir. 2014) ("Given the volatility of the situation into which the officers intervened, we conclude that the force allegedly used against Lieberman [including 'body slamming' him into the ground] was reasonable . . . ." (citing Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993)). For this reason,

10

summary judgment is granted with respect to plaintiffs' excessive force claims and state law assault and battery claims against Cantillo and Triano.[9]

### D. Additional State and City Law Claims

#### a. Negligent Infliction of Emotional Distress

Plaintiffs failed to address defendants' argument that plaintiffs' claim for negligent infliction of emotional distress must be dismissed. See Defs.' Mot. at 17-18. Therefore, I deem this claim abandoned. See Newton v. City of New York, 738 F. Supp. 2d 397, 416 n.130 (S.D.N.Y. 2010) ("Newton did not respond to defendants' motion to dismiss his claim against the City for Ryan's wrongdoing in his Opposition Brief, and therefore abandoned his claim."); Taylor v. City of New York, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." (citing Douglas v. Victor Capital Grp., 21 F. Supp. 2d 379, 393 (S.D.N.Y. 1998))).

#### b. Bias-Based Profiling

Finally, plaintiffs bring a claim for biased-based profiling in violation of Section 14-151 of the Administrative Code of the City of New York. Under this provision, an officer may not "rel[y] on actual or perceived . . . sexual orientation . . . as the determinative factor in initiating law enforcement action against an individual." N.Y. Admin. Code § 14-151. Defendants' sole argument in favor of dismissing this claim is that "the officer[s] had probable cause to arrest." Defs.' Mem. at 17. As set forth above, the undisputed facts do not establish that defendants had

---

[9] "[E]xcept for § 1983's requirement that the tort be committed under color of state law, the essential elements of [excessive force, assault, and battery are] substantially identical." Posr v. Doherty, 944 F.2d 91, 94-95 (2d Cir. 1991) (citing Raysor v. Port Auth. of N.Y. & N.J., 768 F.2d 34, 40 (2d Cir. 1985)).

11

probable cause to arrest. Therefore, summary judgment is denied with respect to plaintiffs' bias-based profiling claim.

## CONCLUSION

For all of these reasons, defendants' summary judgment motion is denied with respect to plaintiffs' claims for false arrest, failure to intervene in the false arrests, and bias-based profiling. Defendants did not move for summary judgment with respect to the excessive force, assault, or battery claims against Officer Aquino. Summary judgment is granted with respect to the rest of plaintiffs' claims.

SO ORDERED.

                                                                       _____/s/_____
                                                                        Allyne R. Ross
                                                                        United States District Judge

Dated:        August 17, 2017
                Brooklyn, New York