UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
STEPHANIE DORCEANT and NANDI ALLMAN,                                 :    15-CV-7103 (ARR) (LB)
                                                                     :
          Plaintiffs,                                            :
                                                                     :    OPINION & ORDER
                                                                     :
    -against-                                                     :    NOT FOR PUBLICATION
                                                                     :
                                                                     :
POLICE OFFICER SALVATORE AQUINO (Shield                              :
Number 2958) in his individual and official capacities,              :
                                                                     X
          Defendant.
--------------------------------------------------------------------

ROSS, United States District Judge:

      Plaintiffs Stephanie Dorceant and Nandi Allman brought a civil rights case under federal and New York law against defendant police officer Salvatore Aquino stemming from their interactions with him on July 11, 2015. Plaintiff Allman alleged a claim of false arrest and plaintiff Dorceant alleged claims of false arrest, excessive force, and bias-based profiling. Following a two-day trial that commenced on July 9, 2018, the jury returned a mixed verdict. It rejected plaintiff Dorceant's claims, but found that defendant Aquino had falsely arrested plaintiff Allman, and awarded her $1,000 in compensatory damages. Defendant Aquino now moves for post-verdict relief pursuant to Rule 50(b) of the Federal Rules of Civil Procedure on the ground that he is entitled to qualified immunity. *See* Def.'s Mem. of Law in Supp. of His Renewed Mot. for J. as a Matter of Law ("Def.'s Mem. of Law"), ECF No. 86. Plaintiff objects. *See* Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for J. as a Matter of Law ("Pl.'s Opp'n"), ECF No. 88. For the following reasons, I conclude that defendant is entitled to qualified immunity and grant his motion for judgment as a matter of law.

**FACTUAL AND PROCEDURAL BACKGROUND**

The following facts were adduced at trial.[1]

On July 11, 2015, plaintiffs Dorceant and Allman rode in a cab toward their home after a night out at a bar. *See* Decl. of Joseph Gutmann in Supp. of Def.'s Mot. for J. as a Matter of Law ("Gutmann Decl.") Ex. A, at 123:22–124:9. Plaintiffs got out of the cab about one block from where they were living at the time. *See id.* at 125:6–126:1. Although the parties dispute what happened next, they agree that an altercation occurred between defendant Aquino, an off-duty police officer who was walking on the street in plain clothes, and plaintiff Dorceant. *See, e.g.*, *id.* at 126:20–127:3 (testimony of plaintiff Dorceant); 191:7–195:1 (testimony of defendant Aquino).

Plaintiff Allman was present during the struggle between defendant Aquino and plaintiff Dorceant. *Id.* at 127:25–128:1. At some point during their fight, plaintiff Allman placed herself between defendant Aquino and plaintiff Dorceant. *Id.* at 158:8–159:2. She also "pushed" Aquino in her effort to separate the two. *Id.* at 129:15–17 (testimony of plaintiff Allman); *see also* 206:6–9 (testimony of defendant Aquino).

After approximately three to five minutes of fighting, *see id.* at 96:19–21; 133:9–13, additional off-duty officers arrived at the scene and, based on Officer Aquino's request for help and the officers' perception of the defendant's injured condition, they restrained the plaintiffs. *See id.* at 133:9–13; 163:14–16; Gutmann Decl. Ex. B, at 263:18–19; 276:1–4. On-duty officers then arrived, secured plaintiffs in handcuffs, and escorted them to the 63rd Precinct. Gutmann Decl. Ex. B, at 276:20–22.

At trial, the parties disputed whether Officer Aquino identified himself as a police officer during the altercation. On direct examination, plaintiff Allman denied that Officer Aquino

---

[1] I recount the facts and procedural history only to the extent that they are relevant to this motion.

identified himself as an officer or that, if he did, she did not remember him doing so. Gutmann Decl. Ex. A, at 129:18–21, 132:12–15 ("Q: Did Officer Aquino ever identify himself as a police officer? A: I can't remember. But there is a lot going on; if he did, I didn't—."). On cross-examination, defense counsel attempted to impeach plaintiff Allman by reading aloud her prior deposition testimony, where she stated that Officer Aquino identified himself as an officer "right before the [other] cops showed up." *Id.* at 162:17–24. Officer Aquino testified that he identified himself as a police officer multiple times. *Id.* at 205:16–22. The defendant also introduced a recording of a 911 call that the cab driver had made while the altercation ensued. Gutmann Decl. Ex. B, at 298:17–19. On the recording, Officer Aquino can be heard saying, "I'm a cop." Gutmann Decl. Ex. H, MSG 1 at 0:11–0:16. After that, a female can be heard saying, "Let her fucking go," *id.* at 0:20–0:24, and the cab driver can be heard saying, "Two girls is fighting with him," *id.* at 3:13–16.

Plaintiffs rested their case on July 9, 2018. At the close of plaintiffs' case, defendant moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a). *See* Gutmann Decl. Ex. A, at 188:1–15. I denied his motion. *Id.* at 188:16. After defendant rested on July 10, 2018, he again moved for judgment as a matter of law, and I denied his motion. *See* Gutmann Decl. Ex. B, at 323:23–325:6. I then charged the jury. As relevant here, the jury was charged that the defendant contended that there was probable cause to arrest plaintiff Allman for obstruction of governmental administration (OGA) in the second degree. *Id.*, at 403:20–23. Specifically, the jury was instructed that "[a] person is guilty of obstructing governmental administration in the second degree if she intentionally obstructs, impairs, or perverts the administration of law or other governmental functions . . . by means of intimidation, physical force, or interference." *Id.* at 404:9–15. The jury rejected plaintiff Dorceant's claims but found that Ms. Allman had been

3

falsely arrested and awarded her $1,000 in compensatory damages. *See* Gutmann Decl. Ex. G. On July 18, 2018, I entered judgment in favor of plaintiff Allman. *See* J. in Favor of Nandi Allman against Salvatore Aquino, ECF No. 83. On August 3, 2018, defendant renewed his motion for judgment as a matter of law on the basis that he is entitled to qualified immunity. Def.'s Mem. of Law 3.

## STANDARD

Under Rule 50 of the Federal Rules of Civil Procedure, a litigant may move for judgment "as a matter of law" after a trial. Fed. R. Civ. P. 50(b). The rule "imposes a heavy burden on [the] movant, who will be awarded judgment as a matter of law only when a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for that party on that issue." *Cash v. Cty. Of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) (internal quotation marks omitted). "The standard for post-verdict judgment as a matter of law is the same as for summary judgment under Fed. R. Civ. P. 56." *Runner v. N.Y. Stock Exch., Inc.*, 568 F.3d 383, 386 (2d Cir.) (quoting *Cobb v. Pozzi*, 363 F.3d 89, 101 (2d Cir. 2004)). The only difference is that the focus here is "on the evidence that was *actually* admitted at trial." *Rothstein v. Carriere,* 373 F.3d 275, 284 (2d Cir. 2004) (emphasis added). In reviewing a Rule 50 motion, a court "must give deference to all credibility determinations and reasonable inferences of the jury, and may not weigh the credibility of witnesses or otherwise consider the weight of the evidence." *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 133 (2d Cir. 2008) (internal quotation marks omitted).

## DISCUSSION

Defendant Aquino moves for judgment as a matter of law on the basis of qualified immunity. Def.'s Mem. of Law 7. He argues that he is entitled to qualified immunity because he

4

had arguable probable cause to arrest plaintiff Allman for OGA and the law related to OGA is not clearly established in the specific circumstances of this case. *Id.* at 7, 12. Plaintiff Allman opposes defendant's motion, arguing that defendant failed to craft special interrogatories and, thus, cannot ask the court to find facts not found by the jury. *See* Pl.'s Opp'n 5–6. Plaintiff also argues that defendant is not entitled to qualified immunity because the jury determined that the defendant arrested her without probable cause, and the law is clearly established that a police officer cannot arrest someone without probable cause. *See id.* at 6–7.

## A. Qualified Immunity Generally

Qualified immunity protects officials from damages liability if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)), or if it was "objectively reasonable for [the officer] to believe that his actions were lawful at the time of the challenged act," *Myers v. Patterson*, 819 F.3d 625, 632 (2d Cir. 2016) (alteration in original) (quoting *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995)). Whether a right was clearly established at the relevant time is a question of law. *See, e.g.*, *Kerman v. City of New York*, 374 F.3d 93, 108 (2d Cir. 2004). To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Courts cannot "define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (quoting *Plumhoff v. Rickard*, 134 S Ct. 2012, 2023 (2014))

Whether a defendant officer's conduct was objectively reasonable "is a mixed question of law and fact," *Kerman*, 374 F.3d at 109, that "has its principal focus on the particular facts of the case." *Hurlman v. Rice*, 927 F.2d 74, 78 (2d Cir. 1991). To assess objective reasonableness, "we look to whether 'officers of reasonable competence could disagree on the legality of the defendant's actions.'" *McGarry v. Pallito*, 687 F.3d 505, 512 (2d Cir. 2012) (quoting *Lennon*, 66 F.3d at 420). In the specific context of a false arrest claim, an officer is entitled to qualified immunity if he had "arguable probable cause" for the arrest. *Zellner v. Summerlin*, 494 F.3d 344, 369 (2d Cir. 2007). "Arguable probable cause exists 'if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.'" *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (quoting *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991)).

**B. Application**

Defendant Officer Aquino asserts that he is entitled to qualified immunity because he had arguable probable cause to arrest plaintiff Allman for OGA and because the law regarding OGA as applied to the specific circumstances of this case is unclear. *See* Def.'s Mem. of Law 3, 7, 12. I agree.

Under New York Penal Law § 195.05:

> [a] person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act . . . .

N.Y. Penal Law § 195.05. "An individual . . . may be convicted under this statute when (1) a public servant is performing an official function; (2) the individual prevents or attempts to

prevent the performance of that function by interfering with it; and (3) the individual does so intentionally." *Kass v. City of New York*, 864 F.3d 200, 207 (2d Cir. 2017).

As to the first element, the law is clear that a lawful arrest constitutes an official function. *See Cameron v. City of New York*, 598 F.3d 50, 68 (2d Cir. 2010). As to the third element, the law is also clear that an arresting officer will have arguable probable cause to arrest someone if the first two elements are met, even if the individual does not act intentionally. *See McGuire v. City of New York*, 142 F. App'x 1, 3 (2d Cir. 2005) ("[W]hen an officer has evidence that a defendant has engaged in conduct proscribed by law . . . he has probable cause to arrest the person even without specific evidence on the elements of knowledge and intent that will have to be proved to secure a conviction at trial."); *Kass*, 864 F.3d at 210 ("[B]ecause the practical restraints on police in the field are greater with respect to ascertaining intent . . . , the latitude accorded to officers considering the probable cause issue in the context of *mens rea* crimes must be correspondingly great.") (internal quotation marks omitted); *see also Rasmussen v. City of New York*, 766 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (finding that arguable probable cause existed to arrest the plaintiff for OGA even where the plaintiff had benevolent motivations for her interference).

Regarding the second element, however, the law concerning OGA is less clearly defined. While it is true that the alleged interference must be "physical" in part, "an officer may consider both words and deeds in determining whether the individual's conduct is sufficiently obstructive to justify an arrest." *Kass*, 864 F.3d at 209 (internal citations omitted); *see Uzoukwu v. City of New York*, 805 F.3d 409, 415 (2d Cir. 2015) ("[W]hile mere words alone do not constitute physical force or interference, words coupled with actions are sufficient.") (quoting *People v. Chang*, 901 N.Y.S.2d 909 (N.Y. Crim. Ct. 2009)); *see also Rasmussen*, 766 F. Supp. 2d at 403 ("[M]erely approaching the police, or speaking during the course of a police action, or disregarding police

7

instructions, will support a conviction for OGA.") (citing *Husbands ex rel. Forde v. City of New York*, No. 05 Civ. 9252(NRB), 2007 WL 2454106 (S.D.N.Y. Aug. 16, 2007)). As the court explained in *Astride v. City of New York*, "The New York Court of Appeals first held that there must be some physical component to the attempted interference. . . . It then held that language or actions need not involve physical *force* to satisfy this physical component." No. 17-CV-4422 (BMC), 2017 WL 5905549, at *3 (E.D.N.Y. Nov. 30, 2017) (emphasis added) (internal citations omitted). As particularly relevant here, it is not clearly established under New York law whether physical interference in conjunction with verbal interference constitutes OGA where only the verbal interference occurs after the individual has notice that an official function is occurring. The parties have provided no case law—and my independent research reveals none—that directly addresses this question.

Here, the irrefutable evidence is as follows. Based on the jury's findings and the evidence adduced at trial, it is uncontested that Officer Aquino lawfully arrested plaintiff Dorceant. *See* Gutmann Decl. Ex. G. It is also uncontested that plaintiff Allman physically inserted herself between plaintiff Dorceant and Officer Aquino at some point, that plaintiff Allman pushed Officer Aquino during the altercation at some point, and that *after* Officer Aquino said "I'm a cop!" plaintiff Allman said, "Let her fucking go." *See* Gutmann Decl. Ex. A, at 158:8–10, 129:15–17, 206:6–12; *id.* Ex. H, MSG 1 at 0:11–0:24; *see also Zellner*, 494 F.3d at 371 ("Incontrovertible evidence relied on by the moving party, such as a relevant videotape whose accuracy is unchallenged, should be credited by the court . . . if it so utterly discredits the opposing party's version that no reasonable juror could fail to believe the version advanced by the moving party."). In addition, according to plaintiff Allman, the whole encounter lasted only minutes and "there was so much happening." Gutmann Decl. Ex. A, at 133:13, 130:22–23.

8

Given the uncontroverted evidence from the 911 recording that Officer Aquino did, in fact, identify himself as a police officer, it was objectively reasonable for Officer Aquino to believe that plaintiff Allman was on notice that he was a police officer even if she did not hear him say so. It is not clear from the evidence, however, when plaintiff Allman's physical interference began and ended and, thus, whether she physically intervened after she had notice that the defendant was a police officer.[2] If plaintiff physically inserted herself into the fray *after* Officer Aquino identified himself as an officer, Officer Aquino is undoubtedly entitled to qualified immunity because he could well have reasonably believed that plaintiff Allman had heard him identify himself as a police officer and chose to physically interfere in his arrest of plaintiff Dorceant notwithstanding that notice.

However, even if plaintiff Allman's physical interference ceased *before* Officer Aquino identified himself as an officer, and her involvement after she had notice of that fact was verbal only, Officer Aquino is nonetheless entitled to qualified immunity, albeit more indirectly. As noted, the facts established at trial show that there was a heated exchange and physical altercation in the middle of the night, all of which lasted approximately three to five minutes. During that time, Officer Aquino and plaintiff Dorceant were physically fighting at various places on the street, plaintiff Allman physically intervened and pushed Officer Aquino, Officer Aquino yelled that he was a police officer, and, after he did so, plaintiff Allman yelled, "Let her fucking go!" In view of the events that transpired during those chaotic three to five minutes in the middle of the night—regardless of their precise timing—it is difficult to say that "no reasonably competent officer" could have believed that probable cause existed to arrest plaintiff

---

[2] If this fact were dispositive, plaintiff Allman is correct that a special interrogatory would have been necessary to rule on this motion.

9

Allman for committing OGA. *Figueroa v. Mazza*, 825 F.3d 89, 100 (2d Cir. 2016) ("[A]n arresting officer will find protection under the defense of qualified immunity unless 'no reasonably competent officer' could have concluded, based on the facts known at the time of arrest, that probable cause existed.") (internal citations omitted).

An additional factor, however, makes clear that Officer Aquino is entitled to qualified immunity—the lack of clarity in New York law regarding the contours of the interference element in the OGA statute. Although, as discussed above, some aspect of the interference must be physical, the combination of physical and verbal conduct may suffice. Even if plaintiff Allman's physical interference ceased before or simultaneously with defendant's self-identification as a police officer, the trial evidence clearly established that plaintiff Allman screamed at the defendant to release plaintiff Dorceant *after* the defendant said that he was a police officer. In a real sense, then, plaintiff Allman's verbal obstruction persisted even after the defendant reasonably believed that plaintiff Allman knew he was a law enforcement officer engaged in an official duty. It is not clear under New York law whether the combination of physical and verbal interference, as they unfolded in this case, would constitute OGA. I cannot say, therefore, that it was clearly established that Officer Aquino's directing the arrest of plaintiff Allman under these specific circumstances was unlawful.

Taking into account both the undisputed evidence and the uncertainties in the relevant law, I conclude that Officer Aquino is entitled to qualified immunity.

## C. Plaintiff's Objections

Plaintiff Allman contends that defendant Aquino is not entitled to qualified immunity. *See generally* Pl.'s Opp'n. In essence, she argues that defendant's motion depends on facts not

10

found by the jury and that, because the jury found that defendant did not have probable cause to arrest plaintiff, I cannot now award defendant qualified immunity. *See id.* at 5–8.

For primarily the reasons articulated in defendant's reply memorandum, plaintiff's contentions fail. *See generally* Def.'s Reply Mem. in Further Supp. of His Renewed Mot. for J. as a Matter of Law ("Def.'s Reply Mem."), ECF No. 89. First, while special interrogatories can help a court determine whether an officer is entitled to qualified immunity, they are not required where the defendant, in his Rule 50 motion, relies on undisputed facts adduced at trial. *See Warren v. Dwyer*, 906 F.2d 70, 76 (2d Cir. 1990) ("*If* there are unresolved factual issues . . . , the jury should decide these issues on special interrogatories.") (emphasis added). Such is the case here.[3] Second, it is incorrect that the jury's finding that defendant did not have probable cause for plaintiff Allman's arrest precludes a finding of qualified immunity. While a court is "not permitted to find as a fact a proposition that is contrary to a finding made by the jury," *Zellner*, 494 F.3d at 371, it is the court's responsibility to determine, based on undisputed facts or factual findings made by the jury, whether an officer's conduct was objectively reasonable, *id.* at 368; *see also Stephenson v. Doe*, 332 F.3d 68, 81 (2d Cir. 2003) ("[T]he ultimate legal determination of whether qualified immunity attaches to a law enforcement agent's actions is 'a question of law better left for the court to decide.'") (quoting *Warren*, 906 F.2d at 76).

---

[3] Where the parties dispute a fact in this case, defendant has been clear that the fact is not material to his argument. *See, e.g.*, Def.'s Reply Mem. 5–6.

## CONCLUSION

For the foregoing reasons, I grant defendant's renewed motion for judgment as a matter of law.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:      August 15, 2018
            Brooklyn, New York